# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Victor P.,                                          File No. 26-CV-3217 (JMB/SGE)

      Petitioner,

v.

Todd Blanche; *Acting Attorney General*;           **ORDER**
Markwayne Mullin, *U.S. Department of
Homeland Security*; David Venturella,
*Acting Director of Immigration and
Customs*; David Easterwood, *Acting
Director, Field Office Director of
Enforcement and Removal Operations,
Minneapolis – St. Paul Field Office*; and
Joel L. Brott, *Sheriff of Sherburne County*;

      Respondents.

Jacob Richard Peterson, Zimmer Law Group, LLC, Saint Paul, MN, for Petitioner Victor P.

David W. Fuller and Derek Ganzhorn, United States Attorney's Office, Minneapolis, MN, for Respondents Todd Blanche, Markwayne Mullin, David Venturella, and David Easterwood.

This matter is before the Court on Petitioner Victor P.'s[1] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241, which names as Respondents Todd Blanche, Markwayne Mullin, David. Venturella, David Easterwood, and Joel Brott.  (Doc. No. 1

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

[hereinafter, "Pet."]).  For the reasons explained below, the Court grants the Petition.

## FINDINGS OF FACT

1. Victor P. is a resident of Rice County, Minnesota, a citizen of Guatemala, and has lived in the United States since 2014.  (Pet. ¶ 14.)

2. Victor P. does not have a final order of removal entered against him.  (Pet. ¶ 15.)

3. Victor P. lives in Minnesota with his wife, who has been a Lawful Permanent resident of the United States since 2013, and his five children, who range from thirty-two to thirteen years old.  (*Id.* ¶ 16.)  Victor P. has a path to lawful permanent residence through his wife, he has a pending Form I-130, Petition for Alien Relative, that was filed with USCIS in June 2025, and he had been actively taking steps to resolve his legal immigration status in the United States.  (*Id.* ¶ 19.)

4. Victor P. has no criminal arrests, charges, or convictions.  (*Id.* ¶ 18.)

5. On June 28, 2026, Immigration and Customs Enforcement (ICE) Officers claim that as part of a targeted enforcement operation, they observed a woman who matched the physical description of one of their targets enter the passenger door of a vehicle. (Doc. No. 7-1 at 2.)  The ICE Officers initiated a vehicle traffic stop and requested identification from the driver, Victor P., who provided his name, explained that he did not have identification, and stated that he was born in Guatemala.  (*Id.*)

6. At an unknown time on June 28, 2026, ICE took Victor P. into custody. (Doc. No. 7 ¶ 5; Doc. No. 7-2.)  Later that same day, also at an unknown time, ICE issued an administrative warrant to arrest Victor P. (Doc. No. 7-2) as well as a Notice to Appear,

Form I-862 (Doc. No. 7-3.)[2]

7.      The Form I-200 administrative warrant in this case was directed to "[a]ny immigration officer authorized pursuant to sections 236 and 287 of the [INA] [i.e., 8 U.S.C. §§ 1226, 1357] and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." (Doc. No. 7-2.)  Thus, Respondents arrested Victor P. pursuant to their discretionary authority under 8 U.S.C. § 1226.

8.      On July 8, 2026, Victor P. filed his Petition. (*See* Pet.)

9.      On July 9, 2026, the Court ordered Respondents to file a response to the Petition by or before 11:00 a.m. on July 13, 2026. (Doc. No. 4.)

10.      Respondents[3] timely filed a Response. (Doc. No. 6.)

**DISCUSSION**

Victor P. seeks immediate release or, in the alternative, a bond hearing, arguing that his arrest and ongoing custody is unlawful and violates the Due Process Clause of the Fifth Amendment.  For their part, Respondents argue that Victor P. was arrested with a valid

---

[2] Respondents submitted a declaration made by an ICE deportation officer, Seth T. Patrin, to verify certain facts around Victor P.'s arrest and detention.  The Court observes that Patrin does not attest to having personal knowledge of the facts and circumstances of Victor P.'s arrest and detention; instead, the declaration includes a boiler plate paragraph explaining that Patrin relies on his "professional knowledge, [his] review of records and systems maintained by ICE in the regular course of business, and information provided by other [unidentified] agents and officers." (Doc. No. 7 ¶ 3.)  Absent a declaration by someone with personal knowledge of the arrest and detention of Victor P., the record contains no evidence of when the warrant was issued, when the notice was issued, and whether either was served on Victor P.

[3] Respondent Joel L. Brott has not appeared.

warrant and that his mandatory detention does not violate the Due Process Clause.[4]

Because the Court concludes that the arrest was unlawful, it grants the Petition.

### A.    Right to Habeas Relief

A writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States.    28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)).  For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted).  The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng*

---

[4] Respondents also argue that Victor P.'s Petition was not properly verified because it was signed by Victor P.'s attorney, and that the Petition should be denied for this reason. (Doc. No. 6 at 2–4.)  The Court is not persuaded.  A petition for a writ of habeas corpus must be "signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242.  A person acting on behalf of a habeas petition might sign and verify the petition because of the petitioner's "inaccessibility, mental incompetence, or other disability."  *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).  As courts in this District have observed over the last several months, "ICE has been less than diligent in communicating with detainees and their counsel regarding a detainee's circumstances of detention and has transferred detainees frequently, quickly, without notice, and often with no way for attorneys to know where or for how long their clients will be at a given facility." *Vu V.L. v. Mullin*, No. 26-CV-2947 (LMP/JFD), 2026 WL 1893611, at *3 (D. Minn. July 1, 2026) (citing cases) (quotation omitted).  "These circumstances—notably, created by the Government—no doubt present the sort of inaccessibility and lack of time that justifies an attorney to act on a petitioner's behalf in signing and verifying a habeas petition." *Id.* (quotation omitted).

*Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The

petitioner bears the burden of proving that his detention is illegal by a preponderance of

evidence. *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

**B.      Actual Basis for Arrest and Detention**

It is an undisputed matter of fact that Respondents arrested Victor P. pursuant to

their discretionary authority under 8 U.S.C. § 1226. The Form I-200 administrative

warrant was directed to "[a]ny immigration officer authorized pursuant to sections 236 and

287 of the [INA] [i.e., 8 U.S.C. §§ 1226, 1357] and part 287 of title 8, Code of Federal

Regulations, to serve warrants of arrest for immigration violations." (Doc. No. 7-2.) Thus,

just as it is stated in the Form I-200 on which the arrest and detention is based, the Court

concludes that the Respondents have detained Victor P. pursuant to the framework of 8

U.S.C. § 1226. *See, e.g.*, *Martha C.G.P. v. Blanche*, No. 26-CV-2308 (DWF/JFD), 2026

WL 1329577, at *2 (D. Minn. May 13, 2026) (rejecting respondents' contention that

petitioner was subject to mandatory detention under section 1225(b) where Form I-200

warrant served during petitioner's arrest represented that detention was pursuant to section

1226); *Hector J.A.S. v. Shea*, No. 26-CV-2242 (JRT/DLM), 2026 WL 1243500, at *2 (D.

Minn. May 6, 2026) (same); *see also Espinoza-Avalos*, No. 8:26-CV-0191, 2026 WL

1396593, at *1–3 (D. Neb. May 19, 2026).

**C.      Invalidity of Warrant**

The Court next considers whether Victor P. was brought into custody pursuant to a

5

valid warrant.[5]  For the reasons discussed below, the Court concludes he was not.

Pursuant to 8 U.S.C. § 1226(a), "[o]n a warrant issued by the Attorney General, a [non-citizen] may be arrested and detained pending a decision on whether the [non-citizen] is to be removed from the United States."  8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." (quotation omitted)).  A Form I-200 is an administrative arrest warrant which authorizes a non-citizen's arrest if it is issued "*[a]t the time of issuance* of the [NTA], *or at any time thereafter* and up to the time removal proceedings are completed."  8 C.F.R. § 236.1(b) (emphasis added).  Putting both rules together, DHS may arrest a non-citizen using a Form I-200 only if the Form I-200 issues at the same time or after DHS issues an NTA.  *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 236.1(b)(1).

In this case, Respondents did not follow this sequence.  The record presented establishes that Respondents generated the NTA *after* the Form I-200 warrant; in a sworn declaration, Seth T. Patrin, Deportation Officer, avers that ICE/ERO issued the Form I-200 on June 28, 2026, and that the NTA was issued later that same day.  (Doc. No. 7 at 1–2.)  Thus, the Court concludes that the Form I-200 warrant was plainly invalid under 8 C.F.R. § 236.1(d), and Victor P.'s arrest was effected without a required warrant.[6]

---

[5] Respondents do not seek to justify Victor P.'s arrest under the warrantless arrest provisions of 8 U.S.C. § 1357(a).  (*See generally* Doc. No. 6.)

[6] Even if Respondents did detain Victor P. pursuant to section 1225(b) as opposed to section 1226, Respondents advance no well-developed argument in this case that arrests under section 1225(b) must satisfy different requirements than arrests pursuant to section 1226.

Because Victor P.'s arrest was pursuant to an invalid warrant and therefore unlawful, immediate release is the appropriate remedy. *See Gonzalez Ochoa v. McCleary*, 816 F. Supp. 3d 921, 927–28, (S.D. Iowa 2026) (concluding ICE had no authority to arrest petitioner relying on Form I-200 that issued before the NTA); *Alberto C.M. v. Noem*, 817 F. Supp. 3d 735, 739 (D. Minn. 2026) (granting petition on grounds that detention under section 1226(a) was unlawful where Form I-200 "was not issued until after [petitioner's] arrest and initial detention"); *see also, e.g.*, *Hector J.A.S.*, 2026 WL 1243500, at *2 (ordering release of petitioner where respondents did not issue NTA until booking following arrest in the field); *Pina C.D.B. v. Bondi*, No. 26-CV-1929 (KMM/DJF), 2026 WL 810676, at *3 (D. Minn. Mar. 24, 2026) (concluding "immediate release is the proper remedy" for arrest effected in absence of valid administrative warrant); *Jouquin C.S. v. Bondi*, No. 26-CV-1438 (DWF/DJF), 2026 WL 483256, at *2–3 (D. Minn. Feb. 20, 2026) (concluding DHS's detention of petitioner under section 1226(a) was unlawful because DHS arrested petitioner pursuant to a Form I-200 that was invalid by virtue of being issued prior to issuance of NTA); *Marinero v. Bondi*, No. 26-CV-1007 (JMG), 2026 WL 357653, at *1 (D. Minn. Feb. 9, 2026) ("[I]ssuing an administrative warrant after an arrest . . . isn't good enough to trigger § 1226(a).").

Thus, Victor P.'s detention was unlawful and he is entitled to release.[7]

---

[7] Although the Court need not address the question of whether Victor P.'s detention without bond violates the Fifth Amendment, it nevertheless alternatively concludes that, on balance, the *Mathews v. Eldridge* due-process factors tip in Victor P.'s favor. Victor P. has a significant private interest at stake (i.e., his liberty, his detention in a carceral setting); the risk of erroneous deprivation through incarceration is needlessly high when inexpensive procedures such as a bond hearing protect against erroneous deprivations of liberty; and

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT the Petition (Doc. No. 2) is GRANTED as follows:

1. Respondents are ORDERED to release Petitioner Victor P. <u>immediately</u> in Minnesota, without conditions of release, and in any event no later than <u>4:00 p.m. CT on July 23, 2026</u>.

2. On or before <u>11:00 a.m. CT on July 24, 2026</u>, counsel for Respondents shall file a letter affirming that they have released Petitioner Victor P. without conditions.

3. On or before <u>11:00 a.m. CT on July 24, 2026</u>, counsel for Respondents shall also file a declaration pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms with supporting documentation that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation).  Respondents must submit each of the following three forms to affirm return of Petitioner's property: I-77, I-216, and G-589.  If Petitioner's property is lost, Respondents must also submit form I-387, "Report of Detainee's Missing Property."  If Respondents cannot provide one or more of these forms, Respondents must address why they are unable to do so.

4. Petitioner Victor P. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 20 U.S.C. § 2412(d).

---

the federal government has very little interest in incarcerating individuals en masse who pose little or no risk of flight or danger to the community.  Thus, Victor P.'s ongoing detention is also unlawful for this reason as well. *See, e.g.*, *R.M. v. Blanche*, No. 26-CV-2283 (LMP/DLM), 2026 WL 1506306 (D. Minn. May 29, 2026) (concluding that respondents' mandatory detention without bond under 8 U.S.C. § 1225(b)(2) and *Avila* violated petitioner's rights to procedural due process and ordering a bond hearing); *Jesus Alejandro G.A. v. Blanche*, No. 26-CV-1932 (LMP/ECW), 2026 WL 1383138 (D. Minn. May 18, 2026) (same).

5.    To the extent Petitioner Victor P. seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  July 22, 2026                                   /s/ *Jeffrey M. Bryan*
                                                        Judge Jeffrey M. Bryan
                                                        United States District Court